OPINION
{¶ 1} This appeal arises from the Lake County Court of Common Pleas wherein, appellant, Anthony Battaglia, was adjudicated a sexual predator.
 {¶ 2} Battaglia had been dating the victims' mother, Victoria, for approximately seven weeks at the time the incidents occurred. The female victim was eleven years old at the time of the offense. The male victim was eight years old at the time of the offense. The incidents occurred between November 1987 and February 1988. Battaglia and Victoria ended their relationship around that time and the two victims had no contact with Battaglia after that time.
 {¶ 3} Both victims recounted the incidents to the Mentor Police Department in February 1991, after the female victim notified her mother. Battaglia met Victoria at a Halloween dance in October 1987. Shortly after that time, Battaglia began spending weekends at Victoria's home, where she lived with her four children. Battaglia began bringing his own two sons to the house as well. The female victim stated that during that time Battaglia came into her room at night on four different occasions. Each time he would lie down next to her wearing only his underwear. He would then begin fondling her and engage in intercourse. When she would try to scream, Battaglia would cover her mouth with his hand. The female victim recounted several other instances where Battaglia would fondle her outside of her mother's presence. Battaglia would also follow her from the shower to her bedroom and try to watch her get dressed.
 {¶ 4} The male victim reported to the police that he remembered one occasion when Battaglia entered his bedroom at night and laid down next to the victim. Battaglia then proceeded to fondle him. That was the only incident reported by the male victim.
 {¶ 5} On August 9, 1991, Battaglia was indicted by the Lake County Grand Jury on four counts of rape with a force specification, three counts of attempted rape, and fourteen counts of gross sexual imposition. At his arraignment, Battaglia pled not guilty to the charges in the indictment.
 {¶ 6} Battaglia subsequently elected to withdraw his not guilty plea and he pled guilty to two counts of rape, which were amended to remove the force specifications. Upon application of the assistant prosecuting attorney and for good cause shown, the trial court thereupon entered a nolle prosequi with respect to the remaining counts in the indictment. On December 24, 1991, Battaglia was sentenced to an indefinite term of incarceration of ten to twenty-five years in prison for each rape conviction, to be served consecutively.
 {¶ 7} On March 25, 1992, Battaglia filed a motion to set aside the judgment of conviction and for permission to withdraw his guilty pleas pursuant to Crim.R. 32.1. The trial court subsequently denied his motion. Battaglia then appealed the trial court's judgment to this court.[1]
This court affirmed the judgment of the trial court, upholding the convictions and sentence.[2]
 {¶ 8} On September 18, 2001, a sexual predator classification hearing was held, pursuant to R.C. 2950. After the closing of evidence, the trial court issued a judgment entry adjudicating Battaglia to be a sexual predator.
 {¶ 9} Battaglia subsequently filed the instant appeal, citing two assignments of error. The first assignment of error is:
 {¶ 10} "The trial court erred to the prejudice of the defendant-appellant when it denied his motion for public payment of an expert to complete a psychiatric evaluation for purposes of the H.B. 180 hearing in violation of his rights to equal protection and effective assitance [sic] of counsel as guaranteed by the Sixth andFourteenth Amendments to the United States Constitution and Article I, Sections 2,10 and 16 of the Ohio Constitution."
 {¶ 11} In his first assignment of error, Battaglia argues that the trial court erred by denying his request for public payment of a second psychiatric evaluation. Battaglia asserts that the evaluation and report generated by Dr. Fabian at the Lake County Forensic Psychiatric Clinic was biased and prejudicial because Dr. Fabian was employed by the Lake County Court of Common Pleas. Battaglia also contends that a second, independent psychiatric evaluation is guaranteed to him under both the Ohio and United States Constitutions.
 {¶ 12} A trial court may appoint an expert witness to an indigent defendant at a sexual predator classification hearing, "if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E)."[3] Thus, it is not mandatory that an expert be appointed in every case, but, rather, the trial court has the discretion to appoint one where it is "reasonably necessary."
 {¶ 13} Battaglia argues that an independent, court-appointed, psychiatric evaluation was reasonably necessary because the court ordered an evaluation by Lake County Psychiatric Clinic and because it is a right afforded to him under the Ohio and United States Constitutions.
 {¶ 14} Battaglia's contentions as to why an independent evaluation should have been granted only beg the question. In Eppinger, the Supreme Court of Ohio recognized that the appointment of an expert witness in a sexual predator classification hearing is neither a constitutional nor a statutory right.[4] Where a trial court finds that there is "sufficient evidence in the transcripts, victim impact statements, presentence investigation reports, prior history of arrests and convictions, age, etc., presented at the sexual offender classification hearing," the appointment of an expert for an indigent offender may not be warranted.[5]
 {¶ 15} Battaglia's contention that Dr. Fabian could not provide an adequate, unbiased evaluation because he is employed by the Lake County Forensic Psychiatric Clinic, a component of the Lake County Adult Probation Department, is mere speculation. Dr. Fabian interviewed and evaluated Battaglia prior to the hearing and generated a report based on that evaluation. A copy of the report was available to both the state and defense for review prior to the hearing. Thus, any questions regarding Dr. Fabian's evaluation could have been addressed at that time.
 {¶ 16} Based on the foregoing, we conclude that the trial court did not err in denying Battaglia's motion for public payment of an expert. Battaglia's first assignment of error is without merit.
 {¶ 17} The second assignment of error is:
 {¶ 18} "The trial court committed reversible error when it labeled the defendant-appellant a sexual predator against the manifest weight of the evidence."
 {¶ 19} In his second assignment of error, Battaglia contends that the trial court erred in labeling him a sexual predator when the trial court lacked clear and convincing evidence that he was likely to commit a sexual offense in the future.
 {¶ 20} Pursuant to R.C. 2950.01(E)(1), a sexual predator is a person who "has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Thus, before labeling an individual as a sexual predator, the trial court must first conclude that the offender was convicted of or pled guilty to a sexually oriented offense. Secondly, the trial court must determine whether the offender is likely to engage in another sexually oriented offense in the future.
 {¶ 21} R.C. 2950.09(B)(3) lists factors that shall be considered by the trial court in making its determination:
 {¶ 22} "(a) The offender's or delinquent child's age;
 {¶ 23} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 24} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 25} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 26} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 27} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 28} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 29} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 30} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 31} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 32} Pursuant to R.C. 2950.09(B)(4), the trial court must use a clear and convincing evidential standard in determining whether an offender should be classified a sexual predator. Clear and convincing evidence is more than a mere preponderance of the evidence but does not rise to the level of beyond a reasonable doubt.[6]
 {¶ 33} The same standard applies in determining whether a sexual predator adjudication is against the manifest weight of the evidence as in reviewing a criminal conviction.[7] Therefore, we must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the adjudication must be reversed.[8]
 {¶ 34} In the instant case, the record is replete with evidence demonstrating that Battaglia poses a high risk of committing another sexually oriented offense in the future. The trial court set forth, in detail, the factors enumerated in R.C. 2950.09(B)(3) that it relied upon in making its determination.
 {¶ 35} The first factor the court relied upon was Battaglia's age. Battaglia was forty-four years old at the time he committed the offenses. The court also noted that Battaglia had a prior criminal record. He was convicted of gross sexual imposition in 1975, after he had attacked a thirteen-year-old female, who was delivering newspapers in his neighborhood. After that conviction, Battaglia also had two other arrests for sexually oriented offenses. The court also noted that there were multiple victims, who were eleven and eight years old at the time of the offenses. The court also went on to note that Battaglia had not completed any programs for sexual offenders and has been diagnosed with a mental illness such as pedophilia. Finally, the court noted the ongoing nature of the offense, which demonstrated a pattern of abuse, and the fact that Battaglia continues to blame the victims for the incidents.
 {¶ 36} In his report, Dr. Fabian indicated that Battaglia was engaging in "extreme minimization, if not outright denial" of the sexual offenses. Dr. Fabian also noted that Battaglia demonstrated a lack of empathy for his victims and has not expressed any remorse.
 {¶ 37} Battaglia contends that he did participate in a sexual offender treatment program while incarcerated, although he had not completed it at the time of the hearing. He also asserts that he attended other self-esteem and motivation programs, which should serve as mitigating factors.
 {¶ 38} Although Battaglia does assert some mitigating evidence to the contrary, it is the opinion of this court that there was overwhelming evidence to support his adjudication as a sexual predator pursuant to R.C. 2950.09.
 {¶ 39} Battaglia's second assignment of error is without merit.
 {¶ 40} The judgment of the trial court is affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and ROBERT A. NADER, J., concur.
ROBERT A. NADER, J., retired, of the Eleventh Appellate District, sitting by assignment,
[1] State v. Battaglia (Mar. 26, 1993), 11th Dist. Nos. 92-L-011 and 92-L-085, 1993 WL 130098.
[2] Id.
[3] State v. Eppinger (2001), 91 Ohio St.3d 158, 162.
[4] Id.
[5] Id.
[6] State v. Moore (July 21, 2000), 2d Dist. No. 18017, 2000 WL 1006570, at *2, citing Cross v. Ledford (1954), 161 Ohio St. 469,477.
[7] State v. Linden (Feb. 2, 2000), 9th Dist. No. 2984-M, 2000 WL 141054, at *1-2.
[8] Id.